UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-046-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAIME PINEDA, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jaime Pineda pleaded guilty to two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). [Record No. 80] She was classified as a career offender and was sentenced to a term of imprisonment of 168 months. [Record No. 111] Pineda appealed her sentence to the United States Court of Appeals for the Sixth Circuit and the Sixth Circuit affirmed her sentence. [Record No. 139] She later filed a motion to reduce her sentence to care for her three older children and her elderly grandmother. [Record No. 144] The Court denied her motion because, even though it was sympathetic to her situation, she had not demonstrated that any of her circumstances were compatible with 18 U.S.C. § 3582 for the Court to consider reducing her sentence. [Record No. 145]

Pineda has now filed a motion for compassionate release under the First Step Act of 2018 for "extraordinary and compelling circumstances." [Record No. 147] Pineda believes that she is able to now bring a motion for compassionate release without exhausting her administrative remedies. However, to request compassionate release, the defendant must comply with the requirements set forth in 18 U.S.C. § 3582(c), which states:

-1-

The court may not modify a term of imprisonment once it has been imposed except that--
(1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>> (i) extraordinary and compelling reasons warrant such a reduction . . .

Therefore, while the First Step Act expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release, it does not alter the requirement that prisoners must exhaust their administrative remedies before seeking judicial relief. Pub. L. No. 115-391, § 603(b). The present motion is not brought by the Director of the Bureau of Prisons and Pineda has not exhausted her administrative remedies. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001). Accordingly, it is hereby

**ORDERED** that Defendant Pineda's motion for a sentence reduction [Record No. 147] is **DENIED**.

Dated: March 23, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky